J-A21015-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| J. L., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| M.J., M.W., AND R.J. (DECEASED), | |
| Appellees | No. 402 WDA 2017 |

Appeal from the Order Dated February 8, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  FD-14-007648

BEFORE:  BENDER, P.J.E., OLSON, J., and STABILE, J.

MEMORANDUM BY BENDER, P.J.E.:          FILED NOVEMBER 20, 2017

J.L. ("Grandmother"), who is the maternal grandmother of I.M.J. (born in August of 2009) and A.E.J. (born in August of 2012) ("Children"), states in her Notice of Appeal that she is appealing from the order, dated February 8, 2017, and entered on the trial court docket on February 17, 2017.  After review, we are compelled to quash this appeal.

Grandmother and M.J. ("Grandfather"), who is the maternal grandfather of Children, were the parents of R.J., Children's mother, who died in October of 2016.[1]  Grandparents have been divorced since before Children were born, with Grandfather living in Pennsylvania and

_____

[1] According to the trial court, M.W. is believed to be the biological father of I.M.J.  The record contains no information as to A.E.J.'s father.

Grandmother living in Florida until her move to Pennsylvania after Children's mother died.[2]  Grandfather has had temporary legal and physical custody of Children pursuant to an order of court dated August 15, 2014.

In December of 2016, Grandmother filed a complaint for primary custody of Children.  This matter was referred to the trial court via a rule to show cause and, after argument, the court determined that Grandmother lacked standing under section 5324(3) of the Domestic Relations Code, 23 Pa.C.S. § 5324.  That order was dated January 19, 2017, and was entered on the docket on January 23, 2017 ("Standing Order").  Thereafter, on February 17, 2017, the court entered the order, dated February 8, 2017, that purportedly is on appeal, which granted leave to Grandmother to "amend her Complaint for Custody seeking partial custody...."  Also on February 17, 2017, Grandmother filed a motion for reconsideration of the Standing Order that contained averments relating to the court's determination that she lacked standing.  Other than the February 8, 2017 order allowing Grandmother to amend her complaint, the record contains nothing that could be deemed a grant of reconsideration by the trial court.

Grandmother filed her appeal to this Court on March 7, 2017, indicating that she was appealing from the February 8, 2017 order.  However, the two issues she asserts in her brief reference the standing issue

_____

[2] Children's mother had two additional children, one born in 2014 and another born in 2016, who are both living with Grandmother.

and her request for a hearing. Specifically, the issues as stated in her brief are:

I.   The lower court erred by denying [Grandmother] standing to request custody under 23 Pa.C.S.[] § 5324.

II.  The lower court erred by denying the request for a hearing on standing pursuant to [Grandmother's] motion for reconsideration.

Grandmother's brief at 3. These issues only reference the January 23, 2017 Standing Order, determining that Grandmother lacked standing. The issues do not in any way relate to the February 8, 2017 order that allows for the amendment of Grandmother's custody complaint; it is clearly not the order underlying the claims Grandmother seeks to raise herein. Grandmother's appeal should have been filed within thirty days of the entry of the January 19, 2017 order, i.e., within thirty days of January 23, 2017. See Pa.R.A.P. 903(a) (stating that appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken").

Furthermore, we note that Grandmother's motion for reconsideration did not toll the thirty-day appeal period in that no order expressly granting reconsideration was ever entered by the trial court. See Pa.R.C.P. 1930.2(b). Rule 1930.2(b) provides:

(b) A party aggrieved by the decision of the court may file a motion for reconsideration in accordance with Pa.R.A.P. 1701(b)(3). If the court does not grant the motion for reconsideration within the time permitted, the time for filing a notice of appeal will run as if the motion for reconsideration had never been presented to the court.

Pa.R.C.P. 1930.2(b).

Moreover, Pa.R.A.P. 1701(b)(3) provides:

(b) Authority of a trial court or agency after appeal. After an appeal is taken or review of a quasijudical order is sought, the trial court or other government unit may:

. . .

(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i) an application for reconsideration of the order is filed in the trial court or other government unit with the time provided or prescribed by law; and

(ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudical order with respect to such order, or within any shorter time provided by law for the granting of reconsideration.

Pa.R.A.P. 1701(b)(3).

Accordingly, under the circumstances here, Grandmother's Notice of Appeal should have referenced the January 23, 2017 Standing Order as the one from which she is appealing, and not the February 8, 2017 order. Thus, her Notice of Appeal, filed on March 7, 2017 is both untimely and stems from the wrong order. Therefore, we are compelled to quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/20/2017